**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SHAUNDRIA SHAFFER                                                    PLAINTIFF

V.                                         CIVIL ACTION NO. 3:02-CV-1694 HTW-LRA

FLORA, MISSISSIPPI; and DON
McKINLEY, in his official and
individual capacities.                                              DEFENDANTS

## ORDER GRANTING COSTS

This matter is before the court pursuant to the defendant's cost bill.  This case, brought by the plaintiff under Title 42 U.S.C. § 1983, eventually was resolved in the defendant Don McKinley's favor.  The United States Court of Appeals for the Fifth Circuit  "recognize[s] a strong presumption that the court will award costs to the prevailing party."  *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir.1 992).  Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Only particular costs that are enumerated by statute, however, may be taxed against an unsuccessful party.  Title 28 U.S.C. § 1920.  Such taxable costs include fees for the court reporter for all or any part of the stenographic transcript that is necessarily obtained for use in the instant action, fees for witnesses, and fees for exemplification and copies of papers that were necessarily obtained for use in the instant action.  Title 28 U.S.C.  § 1920(2)-(4).  The defendant's cost bill seeks $6,074.02.  The plaintiff submits several objections to the cost bill, seeking to eliminate some or all of the defendant's claim.

The plaintiff's first objection to the defendant's cost bill states that defendant's counsel "has declared under penalty of perjury that Judgment in this case was entered on September 10, 2007." Inasmuch as the bill of costs was filed on October 18, 2007, the plaintiff contends that the bill of costs is untimely under Rule 54.2 of the Uniform District Court Rules which requires that a bill of cost be filed within thirty days of the judgment. This court finds the plaintiff's first objection to be wholly specious. A cursory examination of the court's docket reveals that this court's judgment was signed on September 18, 2007, then filed on September 19, 2007. The defendant notes that there is a typographical error in the cost bill and that the date should have been expressed as September 18, 2007. The cost bill is timely.

Interestingly, as noted by the defendant, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, " ... costs may be taxed by the clerk on one day's notice. *On motion served within five days thereafter*, the action by the clerk may be reviewed by the court." The plaintiff has filed no motion to review the action of the Clerk of the court as required. The plaintiff, instead, simply filed an objection to the cost bill. A response objecting to a defendants' costs bill is not the same as a motion under Rule 54(d). This court could decline to review the taxation of costs by the clerk altogether since it is was the plaintiff who ran afoul of the Rule's procedural requirements by failing to file a motion. *See Alexandria Associates, Ltd. v. Mitchell Co.*, 800 F.Supp. 1424, 1425 (S.D. Miss. 1992). Of course, failure to meet Rule 54(d)'s five day limit is not jurisdictional and the court may entertain an untimely motion. *Baum v. United States*, 432 F.2d 85, 86 (5th Cir. 1970). In the instant case, the plaintiff has filed a document which this court may construe as a motion which was filed untimely. Therefore, this

court will address the cost bill.

The plaintiff's next objection concerns the $400.00 witness fee to James Griffith, who did not testify at trial, and the $66.19 fee to Cindy Dunaway, who also did not testify, and did not appear at the second trial of this matter. The defendant responds that both these witnesses were subpoenaed in anticipation that they would be called, but extrinsic circumstances rendered their testimony unnecessary. *See Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984). The trial of this matter lasted two days.

Witness fees may be taxed as costs against an unsuccessful party. Title 28 U.S.C. § 1920(3). The precise witness fees that may be awarded are identified at Title 28 U.S.C. § 1821. Section 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance." Title 28 U.S.C. § 1821(b). Witness fees are taxable for the days that a witness did not testify, if the witness was in necessary attendance at the trial, ready to testify. *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d at 1552. Costs relating to witnesses must be set out with particularity in order for a court to tax them against the unsuccessful party. *Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990).

The defendant offers no explanation for the $400.00 claim on behalf of the witness James Griffith, particularly when the trial began on September 6, 2007, and concluded on September 7, 2007. Nevertheless, a court may award a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary, as

the defendant now asserts.  Consequently, this court shall reduce the amount claimed

for this witness to $80.00 ($40.00 x 2 days).  The witness fee of Cindy Dunaway in the

amount of $66.19 shall remain taxed in full.

Next, the plaintiff objects to the $1800.00 claim for a trial transcript, contending

that the defendant was reimbursed half of this sum by the plaintiff.  The defendant

responds that he is seeking $3,308.60 for deposition and transcript costs that totaled

$4209.50.  Defendant says he subtracted $900.90, the amount paid by the plaintiff.

Section 1920(2) authorizes "fees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case."  Trial transcript fees

are recoverable upon a showing that they were necessarily obtained for use in the

case.  *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985).

Neither party in the instant case has contended that the transcripts obtained were not

obtained for use in the case or necessary for trial.  Therefore, the amount of $3,308.60

shall remain taxed.

The plaintiff notes next that costs for courier services and postage are included

in  the defendant's cost bill, items which are not specifically permitted under § 1920 and

should not be allowed.  Postal expenses are not listed in § 1920 and represent

'overhead' costs, not litigation costs."  *Embotelladora Agral Regiomontana, S .A. v.*

*Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D. Tex. 1997) (citing cases);  *El-Fadl v.*

*Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995) (citing cases).

Furthermore, telecopy expenses, express delivery charges, and telephone expenses,

are not listed in the statute and represent "overhead" costs, not litigation costs.  *Id.*;

*Cody v. Private Agencies Collaborating Together, Inc.*, 911 F.Supp. 1, 6 (D.D.C. 1995);

and *Ezelle v. Bauer Corporation*, 154 F.R.D. 149, 155 (S.D. Miss. 1994). This court hereby reduces the defendant's "other costs" by $111.73 ($88.63 for postage + $23.10 for courier delivery).

The plaintiff also objects to the defendant's claims $600.00 and $1300.00 for Forensic Tape Services since these costs are not specifically permitted under § 1920. These costs pertain to electronic enhancement of audiotapes on micro-cassette which were used by the defendant to record the event of the plaintiff's detainment for an alleged traffic violation, and for transferring the content of the tapes to CD. The defendant says they were necessary for use at trial. Moreover, says defendant, the pre-trial order authorizes the introduction of defense exhibit D-4, the enhanced audiotape, and that both the plaintiff and defendant used D-4 at trial.

Recently, in the case of *Neutrino Development Corp. v. Sonosite, Inc.*, WL 998636, (S.D. Tex.), decided March 30, 2007, the district court was confronted with a defendant's claim of $514.25 for "removing metadata from files to be produced electronically." The plaintiff objected, noting that costs such as this are not recoverable because they are not an enumerated expense under § 1920. The district court permitted the cost to be taxed, stating that "the electronic data was produced in lieu of costly paper production. Defendant was seeking to save costs by not printing out hundreds of documents, which required redaction of privileged information. This electronic production *in response to plaintiff's discovery request* falls within costs recoverable for 'fees and disbursements for printing'" (emphasis added).

In *Neutrino Development* the parties cooperated in discovery to produce the items sought by the plaintiff. In the instant case, the CD's in question were part of the

pretrial order, were not objected to by the plaintiff, and were used at trial by both parties. The material contained on the audiotapes was made clearer for use at trial by performing the enhancement. Therefore, the costs of $600.00 and $1300.00 for Forensic Tape Services shall remain taxed as "fees for printing" under § 1920. *See Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991), holding that reproduction costs necessarily obtained for use in the case are recoverable, provided the prevailing party shows the necessity.

Therefore, the defendant's cost bill is approved by this court in the amount of $5642.47 ($6074.02 - $320.00 - $111.73 = $5642.47).

**SO ORDERED** this the 5th day of April, 2010.

**s/ HENRY T. WINGATE**

_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

CIVIL ACTION NO. 3:02-CV-1694 HTW-LRA
Order granting costs